FILED
 2013 Feb-07  AM 11:36
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MARSHA J. HOLMES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CASE NO.  2:12-CV-2835-SLB |
| | ) |
| **NOLAND HEALTH SERVICES,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

The case is presently pending before the court on the parties' Joint Motion for Approval of Settlement Agreement and Dismissal of Claims with Prejudice. (Doc. 10.) For the reasons set forth below, the court find the parties' Motion is due to be granted.

The court notes:

> [T]he FLSA's are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 902, 89 L. Ed. 1296 (1945). The first exception is that the Secretary of Labor may supervise the payment of back wages to employees; employees who accept such payments waive their rights to bring suits for liquidated damages, provided the employer pays the back amount in full. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).
>
> The second route to settlement, and the one that is applicable here, occurs when an employee brings a private action for back wages under 29 U.S.C. § 216(b); the employee and employer present a proposed settlement to the district court, and the district court reviews the judgment and enters it as a stipulated judgment. *Lynn's Food Stores*, 679 F.2d at 1354 ("Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by employees provides some assurance of an adversarial context. The employees are likely to be

> represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.").
>
> In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," *id*. at 1353, and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions," *id*. at 1355.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation."  *Id*. at 1354.

*Stalnaker v. Novar Corp*., 293 F. Supp. 2d 1260, 1262-63 (M.D. Ala. 2003).

The parties have not submitted their settlement agreement to the court.  However, they represent, "The settlement is a fair and reasonable compromise of Plaintiff's claims under the FLSA and . . . Plaintiff is receiving full relief for [her] claim of unpaid overtime under the FLSA."  (Doc. 10 ¶ 4.)  The parties sent the court a letter, which included the gross amounts paid to plaintiff and to her attorneys.

The court finds that plaintiff's claims represent a bona fide dispute over FLSA provisions, namely FLSA coverage and the amount of her backpay.  Based on the parties' representations, the court finds that the parties' settlement is a fair and reasonable resolution of these bona fide disputes.

An Order granting the parties' Joint Motion for Approval of Settlement Agreement and Dismissal of Claims with Prejudice, (doc. 10), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 6th day of February, 2013.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE